UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LUCAS D. GLENN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1118 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Movant Lucas D. Glenn brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Glenn was sentenced to 57 months imprisonment following his plea of guilty to one count of knowingly and intentionally possessing pseudoephedrine, a List I Chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance. United States v. Lucas D. Glenn, 4:06CR89CDP. He was sentenced on September 1, 2006, and he did not appeal.

As his grounds for § 2255 relief, Glenn alleges that he received ineffective assistance of counsel because counsel did not argue during the plea hearing or sentencing hearing that the government had promised Glenn a downward departure based upon the substantial assistance of Glenn's co-defendant Rick Farmer. The records in this case conclusively show that Glenn is not entitled to

post-conviction relief, and so I need not hold a hearing on Glenn's § 2255 motion. I will deny Glenn's motion to vacate, set aside, or correct his sentence.

**Factual Background**

Count XI of the indictment charged Glenn with knowingly and intentionally possessing pseudoephedrine, a List I Chemical, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance (methamphetamine). On June 14, 2006, Glenn pled guilty to Count XI of the indictment, after executing a written plea agreement and stipulation of facts. The plea agreement provided that in exchange for Glenn's plea to Count XI, the government would not bring any further federal prosecution relative to Glenn's possession of pseudoephedrine and methamphetamine on or about April 26, 2005, and that it would not oppose Glenn's motion for a downward departure equivalent to the application of the safety valve, even though the safety valve does not generally apply to pseudoephedrine cases.[1] The agreement contained specific recommendations about the sentencing guidelines, and both parties waived any right to appeal the sentence, so long as the court followed the recommendations

---

[1] The safety valve provision applies to methamphetamine cases sentenced under § 2D1.1 of the Sentencing Guidelines, but it does not apply to precursor cases sentenced under § 2D1.11. This has the anomalous result that a person possessing pseudoephedrine could receive a higher sentence than a person possessing the equivalent amount of finished methamphetamine. A departure under § 2K2.0 is appropriate to avoid unwarranted sentencing disparities under this circumstance.

and sentenced the defendant within the guidelines range resulting from those recommendations. Glenn also waived any right to file a § 2255 motion, except one claiming ineffective assistance of counsel or prosecutorial misconduct.

The parties' recommendations under the Sentencing Guidelines were as follows: the base offense level was 32 under U.S.S.G. § 2D1.1; two levels should be deducted under § 2D1.1(b)(7) if Glenn met all the safety-valve criteria set forth under § 5C1.2; Glenn should receive the three-level deduction for acceptance of responsibility under §3E1.1. The agreement indicated that Glenn would seek a two to four level reduction under § 3B1.2 for being a minor or minimal participant in the offense, and the government reserved the right to oppose that request.

In the signed stipulation Glenn agreed that a cooperating informant working with law enforcement delivered approximately 1800 pseudoephedrine pills to a residence where he was present. He acknowledged that before the delivery he had discussed the pseudoephedrine with the cooperating informant in recorded telephone conversations. The stipulation finally admitted that Glenn possessed approximately 122 grams of pseudoephedrine, knowing that it would be used to manufacture methamphetamine, a Schedule II substance. In addition to signing the stipulation, Glenn orally admitted, under oath, all of these things at the guilty plea hearing. Additionally, when asked if he was satisfied with his representation

in this case, Glenn replied, "Yes, ma'am," and when asked if there was anything he wanted his attorney to do that the attorney failed to do, Glenn replied, "No, ma'am." The Court further asked Glenn, "Have there been any other promises made to you or agreements entered into with you about your plea or to get you to plead guilty that weren't written down in [the plea agreement]?" Glenn replied, "No."

The Presentence Report concluded that the base offense level was 32, that two levels should be deducted because Glenn was a minor participant in the offense, and that three levels should be deducted because Glenn had accepted responsibility, resulting in a total offense level of 27. Glenn was in criminal history category I, so his Sentencing Guidelines range was 70 to 87 months. The PSR included a statement that a downward departure under § 5K2.0 may have been warranted because a two-level reduction in the offense level for the "safety valve" was not available for offenses involving a methamphetamine precursor chemical, and that a two-level decrease in the offense level would result in an offense level of 25 with a Guideline imprisonment range of 57 to 71 months. Before sentencing Glenn filed a motion for downward departure under § 5K2.0 of the Sentencing Guidelines seeking this departure, and the government did not object to the motion. At sentencing Glenn indicated that he had reviewed the

Presentence Report and had no objections to it.  Additionally, the government did not object to the minor participant deduction or "safety valve" deductions.  When given the opportunity to make a statement at sentencing, Glenn did not refer to any agreement regarding an additional downward departure, but instead stated, "Well, I'd just like to say I'm deeply sorry and I regret the crimes that I've done, and if you can take it in your heart for leniency as must as possible for my sentence."  I sentenced Glenn to 57 months.

Glenn's defense attorney, Eugene O. Howard, has submitted an affidavit indicating that he discussed the proposed plea agreement with Glenn and that Glenn agreed to it.  He also stated that Glenn "did not wish to enter into a 'cooperating plea agreement' because he was unwilling to testify against his co-defendants."  Howard also testified that he did not promise Glenn that he would receive a downward departure based on the cooperation of his co-defendants, that he was not aware that the government had made any such promises to Glenn, and that such a promise would have been very unusual in his experience.

## Discussion

1.  **Ineffective Assistance of Counsel**

Glenn claims his counsel was ineffective for failing to argue during the plea hearing or sentencing hearing that the government had promised Glenn a

downward departure based upon the substantial assistance of Glenn's co-defendant Rick Farmer. Glenn does not provide any more specific allegations about this supposed agreement, nor does he explain why he did not raise it at the plea or sentencing. Instead, his motion and brief in support merely contain conclusory statements that he was promised a downward departure based on his entry of a timely plea, his debriefing and his co-defendant's cooperation.

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The United States Supreme Court has further recognized that "the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984). In order for a convicted defendant to prove that his counsel was ineffective, he must first show that counsel's performance was deficient. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. The defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of an attorney's performance must be highly deferential, and the courts employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Second, in order to prove ineffective assistance of counsel, a defendant must show

prejudice as a result of counsel's ineffectiveness.  A defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694; Rogers v. United States, 1 F.3d 697, 700 (8th Cir. 1993).  To show ineffective assistance of counsel in the context of a guilty plea, a movant must establish: (1) counsel's performance fell below the Strickland standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial.  Hill v. Lockhart, 474 U.S. 52, 57-59 (1985).

 Glenn has not shown that his counsel's representation fell below a reasonable level of professional assistance.  Glenn's counsel negotiated a plea agreement whereby Glenn received a downward departure equivalent to the safety valve even though the safety valve does not apply in pseudoephedrine cases.  Counsel also obtained a change in the Presentence Report to include a deduction for Glenn's role as a minor participant.  Glenn himself testified under oath that the government had made no promises outside the plea agreement.  Glenn did not raise any arguments concerning this alleged promise when given the opportunity to bring any such agreement to the Court's attention at either the plea or the sentencing hearing, and Howard's affidavit confirms Glenn's statements at the

plea and sentencing hearings.

"An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief." <u>Larson v. United States</u>, 905 F.2d 218, 220 (8th Cir. 1990) (quoting <u>United States v. Schmitz</u>, 887 F.2d 843, 844 (8th Cir. 1989)). This is such a case, and no hearing is needed. Glenn's representations at his guilty plea hearing constitute a formidable barrier in this § 2255 action. <u>See</u> <u>United States v. Unger</u>, 635 F.2d 688, 691 (8th Cir. 1980). Glenn may not controvert the statements made at his plea hearing in this motion unless he offers "a valid reason why he should be permitted to depart from the apparent truth of his earlier statements." <u>Id.</u> at 692. Glenn has offered no explanation for why he did not raise this alleged agreement for a downward departure based on his co-defendant's substantial assistance at either the plea or sentencing hearing. His motion does not contain any allegations of coercion or threats.

Glenn's conduct before the court, including his repeated statements that he understood his rights, his statements that he had discussed his case with his lawyer and had no complaints about his lawyer's performance, and his statement that he had read the Presentence Report and had no objections, are all inconsistent with his current claim of ineffective assistance of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2007.